LIZZIE COOLIDGE, Respondent, *v.* THE CHARTER OAK LIFE INSURANCE COMPANY, of Hartford, Conn., Appellant.

### January 31, 1876.

1. Where an applicant for life insurance had an ordinary cold at the time of his application, which was known to the local agent of the company and its medical examiner, and which did not cause his death, their knowledge was the knowledge of the company, and the company is estopped to set this up as a defense, and the policy is binding, though the existence of the cold made the risk greater than an ordinary one.

2. Notice to the local agent of the company, for the purpose of placing insurance, is notice to the company.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Knox & Klein,* for appellant, cited : Mutual Benefit Life Ins. Co. *v.* Miller, 39 Ind. 475 ; Valton *v.* National Loan

Fund Ins. Co., 20 N. Y. 32 ; Miles v. Connecticut Mutual
Life Ins. Co., 3 Gray (Mass.), 580 ; Vasa v. Eagle Life
and Health Ins. Co., 6 Cush. (Mass.) 42 ; Kelsey v. Univer-
sal, etc., Ins. Co., 35 Conn. 225 ; Lorick v. Home Life Ins.
Co., 2 Dill. 160 ; Bliss on Life Ins., secs. 39, 49, 58 ; Halla-
bird v. Atlantic Mutual Life Ins. Co., 2 Ins. L. J. 588 ;
Bartrau v. Phœnix Mutual Life Ins. Co., 3 N. Y. (S. Ct.)
575–579 ; Mutual Benefit Life Ins. Co. v. Miller, 2 Ins. L.
J. 100 ; Lee v. Guardian Life Ins. Co., 2 C. L. J. 495 ;
4 H. L. Rep., Cas. 503–514 ; Campbell v. New England
Mutual Life Ins. Co., 98 Mass. 381 ; Horn v. Amicable
Mutual Life Ins. Co., 64 Barb. 81 ; Conover v. Mass. Mutual
Life Ins. Co., 1 C. L. J. 597 ; May on Ins., sec. 185 ; Mutual
Benefit Life Ins. Co. v. Wise, 34 Md. 582 ; Britton v.
Mutual Benefit Life Ins. Co., 3 N. Y. (S. Ct.) 442 ; Tib-
betts v. Hamilton Mutual Life Ins. Co., 3 Gray (Mass.),
569 ; Chase v. Hamilton Ins. Co., 20 N. Y. 52 ; Geach v.
Ingalls, 14 M. & W. 95 ; Dewees v. Manhattan Ins. Co.,
35 N. J. 366 ; Keenan v. Dubuque, etc., Ins. Co., 13 Iowa,
375 ; Lewis v. Phœnix Mutual Life Ins. Co., 39 Conn.
100 ; Ryan v. World Mutual Life Ins. Co., 4 Big. 627 ;
National Ins. Co. v. Mink, 4 Big. 240 ; Baker v. Home Life
Ins. Co., 4 N. Y. (S. Ct.) 582 ; Smith v. Ætna Life Ins.
Co., 5 Lans. (N. Y.) 545 ; Smith v. Ætna Life Ins. Co., 49
N. Y. (Ct. of App.) 211 ; Scharg v. Germania Life Ins.
Co., 18 Minn. 448 ; Traill v. Baring, 4 Gif. 485 ; Mutual
Benefit Life Ins. Co. v. Holbihoff, 4 Big. 375.

*R. S. Voorhis*, for respondent, cited : Reid v. Piedmont
& Arlington Life Ins. Co., 58 Mo. 421 ; Curner v. Con-
tinental Life Ins. Co., 4 Big. 648 ; Hale v. Ins. Co., 32 N.
H. 295 ; Miller v. Mutual Benefit Life Ins. Co., 31 Iowa,
216 ; Pilkington v. National Ins. Co., 55 Mo. 172 ; Cape
Girardeau & Bloomington M. T. G. R R. Co. v. Renfroe,
8 Mo. 265 ; Rippstein v. St. Louis Life Ins. Co., 57 Mo.
86 ; Wise v. Mutual Benefit Life Ins. Co., 2 Big. 46 ; Wil-
kins v. Connecticut Mutual Life Ins. Co., 30 Iowa, 119 ;

Shattock *v.* Shawe, 1 B. Mon. (Ky.) 498; Watson *v.* Mainwaring, 4 Taun. 163; Vose *v.* Eagle Life and Health Ins. Co., 6 Cush. (Mass.) 42; Ross *v.* Bradshaw, 1 Black. W. 212; 2 Marshall on Ins. 773; Richard *v.* Manhattan Life Ins. Co., 31 Mo. 518; Keine *v.* Home Mutual Fire and Marine Ins. Co., 42 Mo. 38; Baldwin *v.* Chouteau Ins. Co., 56 Mo. 151.

BAKEWELL, J., delivered the opinion of the court.

This suit is on a policy of insurance issued by defendant, insuring the joint lives of plaintiff and her husband, James K. Coolidge, for $2,000. The policy is dated January 3, 1870, countersigned and delivered at Topeka, Kansas, the place of residence of the assured, on February 26, 1870. The application was made on December 29, 1869, and James K. Coolidge died on June 17, 1870. By the terms of the policy, the sum mentioned was payable to plaintiff three months after proofs of loss.

The petition states everything necessary to a recovery. The answer denies every material allegation of the petition, and further says that, by the terms of the policy, it was to be void if any answers or declarations made in the application of James K. Coolidge or his wife were untrue, and that the following answers and statements in these applications were untrue when made: (1) that James K. Coolidge was in good health; (2) that he was not then afflicted with bronchitis; (3) that he was not then afflicted with any disease or disorder of any kind. The answer says that plaintiff and James K. Coolidge knew these answers were false and fraudulent when they made them; that defendant had no knowledge on the subject except that furnished by these answers, and that deceased had bronchitis.

The replication says that defendant did not rely upon the statements of plaintiff and her deceased husband, but upon the statements of the medical examiner of defendant, who reported him sound after examination; says that the answers that deceased had not bronchitis, and had no disease or

disorder of any kind, at the date of his application, were: true; and that defendant then examined him, and had full knowledge of his physical condition.

In addition to the statements of the amended answer as above set forth, it contained, when filed, certain words and figures which were, on motion of plaintiff, stricken out; and this action of the court below is complained of as error. But we see no error in this action of the Circuit Court. These words and figures set up no defense not, in every respect, sufficiently set up in the answer without them. They merely tend to confuse the pleading. They are to the effect that the statements of the applicants were false, and known to the applicants to be so; that deceased, at the time of the application, was afflicted with a disease or disorder besides bronchitis (what disease is not stated), of which he continually languished, and, so languishing, died of it at last; that the application on December 29, 1869, was for a policy of $1,000 only; and that in January, 1870, applicants, without answering any further questions, applied for an increased policy of $1,000, and represented the deceased as well at the time of said application, well knowing that he was then worse, and under medical advice; and that the policy sued on was issued by defendant on the faith of this second application in January, 1870. There is no allegation anywhere, in the parts of the answer stricken out, of any conspiracy between the applicants and the agents of the company to defraud.

There was a verdict and judgment below for the whole amount claimed, and from this verdict and judgment defendant appeals.

In the argument many points were made as to exceptions to evidence, but, on looking at the record, we find no exceptions to evidence saved.

It is earnestly insisted by appellant that there is no evidence whatever to support the verdict. With the question of the preponderance of evidence we have nothing to do.

There is evidence on which the jury might well, under the instructions, find as it did. We may say, for the satisfaction of counsel, that the evidence has been carefully examined, and we see nothing in the whole case from which corruption or undue bias on the part of the jury could be suspected; but this is a question for the trial court alone. That court has not disturbed the verdict, and it would be illegal for us to do so, unless it should appear that there was no evidence at all as to at least one material fact necessary to be proved.

At the instance of plaintiff the jury were instructed that, if the deceased at the time of his examination had an ordinary cold, which fact was made known to the agent of the company and to its medical examiner, their knowledge was the knowledge of the company; and if the fact of such cold was communicated to the officers of the company at Hartford by the medical examiner, in his certificate of examination, defendants are estopped to set up such fact as a defense; and, further, that though the risk upon the life of the deceased was greater than an ordinary one, in consequence of a cold he had when examined, yet, if the policy sued on was issued with full knowledge of all the facts, it is binding on them, and they cannot bar plaintiff's recovery by setting up this cold.

These instructions were founded upon evidence in the case, and were correct statements of the legal principles applicable to that evidence.

At the instance of defendant the court instructed the jury that they could not find for the plaintiff if, from the evidence, they believed in the existence of any of the following facts:

1. That on February 26, 1870, Coolidge was seriously sick of the disease of which he died, and did not communicate this fact to defendant.

2. If, on December 29, 1869, deceased was afflicted with the disorder of which he died.

. 3. If any fact existed on February 26, 1870, which increased the risk on December 29, 1869, and was not communicated by Coolidge to the company.

4. If, before February 26, 1870, deceased was sick of a mortal disease of which he died, and this was not told to the company before February 26, 1870.

These instructions put the law applicable to the case fairly before the jury, and were all that defendant could ask. It complains of the rejection of nine other instructions offered by defendant. Of these, the instructions numbered one and eight are mere repetitions of instructions given; instructions two, five, six, and seven either make a distinction between being under medical advice and being sick, and tell the jury that, whether sick or not, the fact of being under medical advice is material to be communicated to the insurance company, or they are a mere repetition of instructions already given. These instructions could have served no other purpose than that of confusing the jury, and were properly rejected.

Instructions four and nine are both to the same effect—that if deceased believed he answered the questions in his application truthfully, still, if he was in fact, at the time, afflicted with any disease or disorder, he cannot recover. These instructions were properly refused, as they were inconsistent with those granted for the plaintiff, and would have compelled the jury to find for the defendant if deceased, at the time of his examination, had a slight cold, of which defendant had notice and of which the assured fully recovered before the delivery of the policy.

Instruction three is, in view of the evidence, ambiguous. There is evidence tending to show that on December 29, 1869, deceased had a slight cold, of which defendant's agents—both those at Topeka, Kansas, where the application and examination were made, and those at Hartford, Connecticut, the home office—had full notice; that the home officers directed that the policy should not be

delivered until applicant was well of his cold; that he recovered of his cold, and that the agents at Topeka reported the recovery before delivering the policy; and that this cold was entirely distinct from, and had no connection with, the disease of which the insured died. There is also evidence tending to show that deceased died of galloping consumption, directly connected with the slight cold of December 29th, which developed into laryngitis, from the larynx descended to the bronchial tubes, and thence to the lungs. Now, this instruction reads thus: "Even if the jury believe that Gring was the agent of the defendant, and said agent knew of Coolidge's sickness, yet, unless the jury shall believe that said sickness was communicated to the defendant, the plaintiff cannot recover in this action." It does not appear what sickness is referred to.

But, independently of this, the instruction was properly refused. Gring was the agent of the company at Topeka for the purpose of placing insurance, and, in the absence of allegations of fraudulent conspiracy between applicants and Gring to cheat and deceive the company, notice to Gring was notice to the company of any matter within the scope of his agency. But there is no allegation whatever, in the pleading, of any fraudulent conspiracy to which Gring was a party, and nothing whatever in the case as presented to warrant any such instruction as to the effect upon the company of notice to Gring.

On the whole record, we see nothing that will warrant a reversal of the judgment, and, with the concurrence of the other judges, it is affirmed.